UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| **RHEEM MANUFACTURING COMPANY**<br>    1100 Abernathy Road<br>    Suite 1400<br>    Atlanta, GA 30328<br><br>    *Plaintiff*,<br><br>v.<br><br>**NAVIEN, INC.**<br>    20 Goodyear<br>    Irvine, CA 92618<br><br>    *Defendant.* | No. 1:20-cv-1184 |

## COMPLAINT

Plaintiff Rheem Manufacturing Company ("Rheem"), by and through its undersigned counsel, submits this Complaint against Defendant Navien, Inc. ("Navien").

## INTRODUCTION

1. This is an action for damages and injunctive relief arising out of false and misleading statements by Defendant Navien in marketing tankless water heaters.

2. As explained below, Navien is misleading consumers and gaining an unfair competitive advantage by falsely representing the Uniform Energy Factor ("UEF") of its tankless water heaters. The UEF is a metric that measures a water heater's energy efficiency. By advertising a falsely inflated UEF, and by making false representations about its energy efficiency to regulators, including the Department of Energy, Navien is able to win customers who would otherwise purchase water heaters manufactured by Rheem.

## PARTIES

3. Plaintiff Rheem is a Delaware corporation with its principal place of business at 1100 Abernathy Road, Suite 1400, Atlanta, GA 30328. Rheem manufactures and sells its tankless water heaters in interstate commerce.

4. Defendant Navien is a California corporation, with its headquarters located at 20 Goodyear, Irvine, CA 92618. Navien purchases tankless water heaters from affiliate companies in Korea and sells them in interstate commerce all across the United States.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over the Defendant Navien. This case arises in significant part out of Navien's contacts with the Eastern District of Virginia ("the forum"). Navien transacts business in the forum through activities that include the operation of a warehouse in the forum, the formation of "Navien Service Specialist" relationships with installers of Navien products in the forum, promotion of its products (including the product at issue in this case) to consumers, installers, and distributors in the forum, and (on information and belief) significant sales within the forum of Navien products, including the product at issue in this case. Indeed, Navien claims to have "the largest market share for condensing gas water heaters in North America" and that it "sells products throughout Canada, Mexico and the United States." Moreover, as described below, Navien submits false and misleading reports to the Air-Conditioning, Heating, and Refrigeration Institute ("AHRI"), which is located in the forum and relies upon those reports for its misleading claims.

6. Additionally, this Court has general jurisdiction over Defendant, who has conducted continuous, systematic, and routine business within the Commonwealth of Virginia.

7. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this civil action arises under the laws of the United States. Additionally, this Court has

original jurisdiction over this case pursuant to 28 U.S.C. § 1332, because Rheem is not a citizen of the same state as Navien, and because Navien has damaged Rheem in an amount that exceeds $75,000. In addition, this Court has original jurisdiction over the Lanham Act claim under 15 U.S.C. § 1121.

8. This Court also has supplemental jurisdiction over Rheem's state-law claim pursuant to 28 U.S.C. § 1367(a), as the claim is so interrelated with the federal law claim as to form the same case or controversy.

9. Venue is proper in the Eastern District of Virginia under 28 U.S.C. § 1391. A substantial part of the events giving rise to the claim occurred in the district—including the promotion of the product to consumers in the district, storage of the products in the district, submission of false reports to AHRI, which is located in the district, and (on information and belief) sales of the Navien product at issue within the district. Additionally, as explained above, Navien is subject to this Court's personal jurisdiction, would be subject to the jurisdiction of the Eastern District of Virginia were the district a separate state, and therefore "resides" in the district. Navien operates a warehouse in the Eastern District of Virginia, has formed numerous "Navien Service Specialist" relationships with installers of Navien products in the judicial district, promotes its products in the judicial district, and (on information and belief) makes significant sales within the district of Navien products, including the product at issue in this case.

## FACTUAL ALLEGATIONS

**I.   THE MARKET.**

10. Rheem manufactures and sells residential and commercial heating and cooling products, including air conditioners, furnaces, and (as relevant here) tankless water heaters. It competes in the market for tankless water heaters with Navien.

11. A tankless water heater heats water on demand and only as needed, ensuring that the supply of hot water remains constant. One of the main appeals of tankless water heaters is their energy efficiency, which can provide consumers with lower energy costs compared to conventional water heaters and a reduced carbon footprint.

12. Indeed, Navien uses claims about energy efficiency as a significant component of its marketing efforts for tankless water heaters—both within and outside the Commonwealth.

## II. THE UNIFORM ENERGY FACTOR.

13. In 2012, Congress passed the American Energy Manufacturing Technical Corrections Act, which directed the Department of Energy ("the Department") to revise the metric used to measure the energy efficiency of water heaters or to develop a new metric.

14. The Department responded by creating a new metric known as the Uniform Energy Factor ("UEF"). The UEF is a measure of the overall energy efficiency of a water heater.

15. The purpose of the UEF is to create a consistent and uniform way of reporting how efficiently an appliance uses energy.

16. By creating the UEF, the Department intended to make it easier for consumers to compare the efficiency of one appliance to another, and thereby to make more informed purchasing decisions.

17. Consumers, dealers, and homebuilders routinely decide which water heater to purchase based in substantial part on the water heater's advertised UEF, and Navien gains a significant competitive advantage by touting the energy efficiency of its products. Buyers consider a product's absolute UEF (for example, to calculate the expected cost of running the unit) and its UEF relative to other products in making purchasing decisions.

18. As one seller and installer of Navien products explains in a video produced by Navien and posted on Navien's website, "High efficiency is really very important to our customers. We are seeing a strong push for the efficiency that it brings and . . . the value that that has for customers is really something that is important for us to be able to offer."

### III. CERTIFICATION OF COMPLIANCE WITH ENERGY CONSERVATION STANDARDS.

19. Before distributing in commerce any basic model of water heater, manufacturers are required by federal regulations to certify that the model meets applicable energy conservations standards. 10 C.F.R. §§ 429.12; 429.17. The manufacturer must resubmit this certification annually. 10 C.F.R. § 429.12.

20. The certification includes a signed compliance statement, certifying that the model complies with the applicable energy conservation standards, that required testing was conducted in conformance with the relevant test requirements, and that all the information in the certification report is true, accurate, and complete. *Id.*

21. Manufacturers of water heaters, such as Navien, must provide for each basic model they sell the UEF, rounded to the nearest 0.01.

22. The Department of Energy maintains a Compliance Certification Database, which is available on its website, where it posts the energy conservation information provided by the manufacturers in their certifications. The Department also posts this information on eeCompass, a site specifically designed for consumers. Using eeCompass, buyers can compare the energy efficiency of appliances by different manufacturers.

23. Upon information and belief, Navien knows that its UEF certifications submitted to the Department will be communicated to the public via, among other things, the Department's website.

24. Consumers rely on the certifications that manufacturers provide to the Department in making purchasing decisions, and specifically in comparing the energy efficiency of competing products before they buy.

## IV. AHRI CERTIFICATION.

25. Both Navien and Rheem are members of AHRI, a voluntary trade association in Arlington, Virginia, whose "member companies produce more than 90 percent of the residential and commercial air conditioning, heating, water heating, and commercial refrigeration equipment made in North America."

26. AHRI publishes testing procedures for water heaters, including the procedure for determining a water heater's UEF.

27. AHRI also runs a voluntary certification program designed to ensure that water-heating products perform according to the manufacturer's claims, including claims about energy efficiency.

28. AHRI's testing procedures are supposed to ensure consistency in the way that the energy efficiency and other specifications of a water heater are tested and reported.

29. Although participation in the certification program is voluntary, participants must contractually agree to rate certified products in accordance with the applicable rating standard published by AHRI.

30. Applicants to the program are required to test their products in accordance with AHRI's applicable rating standards and to submit their test results with their application.

31. As part of qualification testing, AHRI requires a portion of an applicant's products to be tested by a third-party laboratory. However, for the remainder of an applicant's products, AHRI permits an applicant to rely on reports of its own internal testing.

32. Thus, AHRI relies on participants to comply with AHRI testing protocols and to accurately report the results of these tests.

33. Applicants who are accepted into the AHRI certification program receive the ability to use the AHRI Certification Mark, including the right to state that their products are "AHRI Certified." According to the AHRI General Operations Manual, "The Mark is the Participant's public representation that the ratings of randomly selected samples have been verified by an independent laboratory in accordance with test procedures prescribed by this operations manual."

34. In addition, participants upload self-reported specifications regarding their products to the AHRI Directory, a directory of AHRI-certified products that is available via the Internet to the general public.

35. Navien applied to and is a participant in the AHRI certification program, and Navien includes the AHRI Mark in marketing materials for its water heaters, including the NPE-240S. Navien lists its water heater products, including NPE-240S, in the online directory of AHRI-certified products.

36. Thus, Navien makes a public representation that its advertised specifications, including UEF, comply with the AHRI testing protocols.

V.     THE NPE-240S.

37. Navien has sold model number NPE-240S, a tankless water heater, since 2013.

38. Ever since introducing the NPE-240S, Navien has made claims about the product's energy efficiency a focus of its marketing. For example, in one marketing video about the NPE-S series (which includes the NPE-240S), Navien touts the product's energy efficiency at least six times, stating among other things that "[t]he most important thing to mention is with the

NPE-S, there is no other water heater available today with a higher rated efficiency" and that the product is "listed with AHRI as the highest efficiency water-heating appliance."

39. Navien has repeatedly listed and continues to list the 0.97 UEF in its promotional materials distributed via the Internet and with its products. At least as early as September 1, 2015, and continuing to the present, Navien's website has boasted that the NPE-240S has a UEF of 0.97. Navien represents on its website that the NPE-240S is AHRI certified.

40. Similarly, Navien's Specifications Sheet for the NPE-240S, which was last revised in November 2016 and continues to be published on its website and upon information and belief is distributed with its products, states that the NPE-240S has a UEF of 0.97 and that this rating is AHRI certified.

41. Navien's Commercial Solutions brochure, which is currently published on its website, boasts that the "NPE condensing tankless water heaters have an efficiency of 0.97 UEF." It further boasts: "Our condensing tankless gas water heaters achieved the industry's highest energy factor, 0.97 UEF / 0.99 EF, setting the standard for the rest of the world."

42. Similarly, multiple other brochures that are currently available on its website claim that the NPE-240S has a UEF of 0.97 and that this rating is AHRI Certified.

43. Navien also has also uploaded data to the AHRI Directory representing that the NPE-240S has a UEF of 0.97. As a result of Navien's submission, the AHRI Directory states that the NPE-240S has a UEF of 0.97. According to AHRI, its data is accessed by consumers and contractors more than 2 million times each year.

44. On the basis of Navien's representations about its UEF, published claims about its UEF, including the AHRI Directory, the Department of Energy's website, and numerous third-party websites also state that the NPE-240S boasts a UEF of 0.97.

45. On the basis of its claimed 0.97 UEF, Navien's website asserts that the NPE-240S is "the industry's top rated unit for energy efficiency."

46. Navien also has certified with the Department that NPE-240S has UEF of 0.97. That purported UEF is available to the public on both the Department's Compliance Certification Database and on eeCompass, a consumer-directed site designed to let buyers compare products. Visitors to eeCompass can compare the supposed energy efficiency of NPE-240S to the efficiency of competing models sold by Rheem.

## VI. FALSITY OF NAVIEN'S STATEMENTS.

47. However, Navien's claim that the NPE-240S has a 0.97 UEF is false.

48. Rheem has tested multiple NPE-240S units, and all units tested well short of this rating. Rheem confirmed its own results by commissioning Intertek Testing Services, an independent third-party testing service, to perform testing of NPE-240S units, and Intertek also found that all the units fell markedly short of the UEF rating Navien claimed.

49. In October 2019, Rheem notified Navien about the problems with Navien's reported UEF. Navien refused to cease promoting NPE-240S using false claims about its energy efficiency.

50. In response to Rheem's communications, Navien criticized the tests conducted by Rheem and Intertek Testing Services for using "density of the delivery water (hot)" in calculating Recovery Efficiency and UEF.

51. AHRI's test procedure for residential water heaters requires the use of the density of hot water removed (delivered) from the water heater. Navien has, in effect, admitted that it does not conduct its testing in accordance with AHRI testing procedures.

52. Although Rheem was confident its testing was accurate and that Navien's criticisms were unfounded, it commissioned another independent third-party testing service,

9

CSA Group, to conduct testing with both methods.  CSA Group conducted tests calculating UEF using the outlet density and outlet volume (the same method as the Intertek testing) and using inlet density and inlet volume (Navien's proposed testing method).  Both methods confirmed the findings of the testing by Rheem and Intertek:  the NPE-240S falls far short of the 0.97 UEF touted by Navien.

53. Navien gains a competitive advantage by falsely making it appear that its NPE-240S is more energy efficient than it is.  Consumers (particularly those who are interested in tankless water heaters) rely on a product's UEF in calculating the expected costs operating the unit, and otherwise in deciding between different models.  Similarly, homebuilding companies rely on UEF in deciding which water heater to install in new homes.

54. Indeed, multiple homebuilding companies have informed Rheem that they are switching from installing Rheem water heaters in new homes to installing Navien water heaters, due to the lack of a Rheem product with a 0.97 UEF rating.

## COUNT ONE
**(Lanham Act False Advertising)**
**(15 U.S.C. § 1125)**

55. Paragraphs 1 through 54 are incorporated herein by reference.

56. Navien has made repeated false and misleading representations of fact in advertisements for its NPE-240S tankless water heaters.  Specifically, Navien has stated and continues to state that the NPE-240S has a UEF of 0.97.  This statement is false because the NPE-240S tankless water heater does not achieve a 0.97 UEF rating.

57. Furthermore, Navien's use of the "AHRI Certified" mark is false because it constitutes a public representation that it was tested "in accordance with test procedures

prescribed by" the AHRI operations manual when, in fact, the tests that produced the 0.97 UEF rating did not comply with AHRI's testing standards.

58. Navien knows that these representations are false and has willfully continued to make these claims. Indeed, even after Rheem specifically notified Navien of the falsity of its claims in October 2019, Navien has willfully continued to make these claims.

59. These false claims are material. Particularly in the market for tankless water heaters, consumers rely on UEF in determining which unit to purchase. Navien's false claim of a best-in-class UEF rating changed purchasing decisions by both ordinary consumers and homebuilders.

60. Navien's misrepresentations were likely to deceive and did deceive a substantial segment of their audience, including consumers in the Commonwealth and elsewhere. Consumers have no reason to suspect that a particular manufacturer's reported energy efficiency rating is false, and they rely on that rating in making purchasing decisions.

61. Navien placed the statements in interstate commerce.

62. Rheem has suffered injuries as a result of Navien's false and misleading claims, including but not limited to:

  a. Rheem, as a direct competitor in interstate commerce with Navien, has sold fewer of its tankless water heaters than it would have absent Navien's false claims.

  b. Rheem has suffered a loss of goodwill associated with its products because of Navien's false and inflated claims about the energy efficiency of its products.

## COUNT TWO
### (Untrue, Deceptive or Misleading Advertising)
### (Va. Code Ann. § 18.2-216)

63. Paragraphs 1 through 62 are incorporated herein by reference.

64. Navien advertised the NPE-240S tankless water heater to ordinary consumers and homebuilders.

65. Navien markets the NPE-240S to the public throughout the Commonwealth and sells it to the public through a network of "Navien Service Specialist" relationships within the Commonwealth.

66. Navien advertises that the NPE-240S possesses a UEF of 0.97, a claim that is untrue, deceptive, and misleading. By using the AHRI certification to promote the NPE-240S, Navien also falsely claims that it achieved this UEF rating in tests that comply with AHRI standards.

67. Navien made these untrue, deceptive, and misleading claims with intent to sell or distribute the NPE-240S to the public and with intent to increase sales thereof.

68. Rheem has suffered injuries as a result of Navien's false and misleading claims, including but not limited to:

    a. Rheem, as a direct competitor with Navien, has sold fewer of its tankless water heaters within the Commonwealth than it would have absent Navien's false claims.

    b. Rheem has suffered a loss of goodwill associated with its products because of Navien's false and inflated claims about the energy efficiency of its products.

## REQUEST FOR RELIEF

**WHEREFORE**, with respect to Counts One and Two, Plaintiff respectfully requests:

1. That the Court award actual damages, special damages, disgorgement of Defendant's profits, and any and all other damages available to the Plaintiff, plus pre-judgment and post-judgment interest, in an amount to be proven at trial;

2. That the Court treble the award of damages against the Defendants, as provided by 15 U.S.C. § 1117(a);

3. That the Court award the Plaintiff all costs of this litigation, including but not limited to all attorney's fees, witness fees, expert fees, and other costs and fees incurred by them to the fullest extent available under law, including but not limited to 15 U.S.C. § 1117(a) and § 59.1-68.3 of the Code of Virginia, 1950, as amended;

4. That the Court enter an order enjoining the Defendant from claiming that the NPE-240S has a 0.97 UEF, advertising that it has the top rating for energy efficiency, and using the AHRI certification to advertise the NPE-240S; and

5. That the Court award such other and further equitable and/or legal relief to Plaintiff as it deems appropriate, just, necessary, and proper.

October 8, 2020

Respectfully submitted,

**RHEEM MANUFACTURING COMPANY**

By: _/s/_____
Thomas G. Connolly (Virginia Bar No. 29164)
   TConnolly@hwglaw.com
HARRIS, WILTSHIRE & GRANNIS LLP
1919 M Street, NW
Eighth Floor
Washington, DC 20036
Voice: (202) 730-1300
Fax: (202) 730-1301

*Counsel for Rheem Manufacturing Company*